FILED
APR 10 2018
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY DEPUTY CLERK

Leonard Tobia, PhD. **Pro Se**
**Address:** 832 Walnut St.
West Sacramento, Ca. 95691
**Ph;**(916) 620-6572
**E-mail address;**Leonardtobia1@gmail.com

**THE UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**LIMITED JURISDICTION**

2:18-CV-0868 TLN CKD PS

| | |
|---|---|
| Leonard Tobia, | ) **CASE NO.** |
| | ) **COMPLAINT FOR:** CIVIL RIGHTS |
| **PLAINTIFF,** | ) Actual and exemplary damages: |
| | ) Denial of Full and Equal Access: |
| **Vs.** | ) to an Disabled Individual |
| **DEFENDANTS,** | ) in a place of "Public Accommodations" |
| Burlington Coat Factory of Texas Inc. | ) Civil Code §§ 51.et Seq,(f),52.(a)**(b)**(1)(2). |
| A California Corporation | ) **For:** Violations of the Americans with Disabilities Act |
| **Dba;** Burlington Coat Factory | ) Unruh Civil Rights Act: |
| Thomas A. Kingsbury; **and DOES 1-10.** | ) Negligence: |
| | ) **Monetary damages:** Exceeding $ 25,000.00 |
| | ) **DEMAND FOR JURY TRIAL** |

**Plaintiff Leonard Tobia, complains of Defendants Burlington Coat Factory,** Thomas A. Kingsbury **and DOES 1-10, ("Defendants" and alleges as follows;**

**PARTIES:**

1. Plaintiff is a California resident with physical disabilities with Substantial Limitations on Life Major Activities as defined in The U.S. Department of Justice ADA/Title III Regulation; Civil Rights Division/Disability Rights Section. Section. Sec. 36.105Definition, and 36.311 Mobility Devices. He has limited range of motions Seeing, Walking,and Standing, But not limited to: Balancing, Pulling, Reaching, Pinching, Grasping and Twisting of the Wrist. Plaintiff has a Mobility and Visual Impairments, he uses a Walking and other Mobility-Aids and Devices. Attached hereto; Exhibit: A Copy of plaintiff 2019 California Disable Parking Placard. **COMPLIAINT-1.)**

2. Defendants are, or were at the time of the incident, the owners and Operators, lessors and /or lessees of Burlington Coat Factory Store # 750 located on or about 1280 E. Gibson Rd, Woodland, Ca. 95776. Attached hereto; Exhibit:B Copy of ownership of business from Woodland County Assessors.

3. Plaintiff does not know the true names of Defendants, their business Capacities, their ownership connection to the property and business, or their Relative responsibilities in causing the access violation herein complained Of, and alleges a joint venture and common enterprise by all such Defendants Plaintiff is informed and believe that each of the Defendants herein, Including Does 1 through 10, inclusive, is responsible in some capacity for The events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10 inclusive are ascertained.

**JURISTICTION & VENUE:**

4. This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343 (a)(4) for violations of the Americans With Disabilities Act of 1990, 42 U.S.C. § 1201,et seq.

5. Pursuant to pendant jurisdiction, an attendant and related cause of actions, arising from the same nucleus of operative facts and arising out the same transactions, is also brought under California's Unruh Civil Rights Act, and the California Disabled persons Act, which act expressively incorporates the Americans With Disabilities Act.

6. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b)and is Founded on the fact that the real property which is the subject of this Action is located in this district and that the Plaintiff's cause of action arose in this district.

**FACTUAL ALLEGATIONS:**

**7.** The Burlington Coat Factory Store # 750 is a business establishment and place of public accommodations.

8. Burlington Coat Factory Store # 750 located at 1280 E. Gibson Rd, located in Woodland, Ca. 95776 is not ADA Compliant and not accessible to persons with disabilities utilizing Mobility Aids and Devices such as Walking Canes, Crutches, Wheel Chairs, Walkers and Electric Scooters but not limited to other devices, and others similar to, due to the lack of inaccessible features of the facility for the following reasons:

9. First, the Disable Parking Stall has no 80″ pole with (ISD)Signage, International Symbol of Accessibility Sign, Van Accessible Sign and "250.00 Minimum Sign mounted below. Furthermore, the stripping is faded. Attached Hereto: Exhibit C. 2.) The Men's Restroom has a Door Closer on the Interior which takes about 10lbs. of pressure to open. Hereto; Exhibit D. 3.) 4.) In the Men's Restroom the sink pipes are exposed and the Mirror exceeds 40inches from the ground floor surface, it can be used by Wheel chair users. Attached hereto: Exhibit E. 5.) The Urinal Stall has no Grab Bars. Attached hereto; Exhibit F.

Plaintiff notified the Defendants, actively engaged in Negotiation Conference and made numerous "Good Faith Efforts," diligently sought to achieve a resolution as encouraged by the DOJ to no avail. Hereto: Exhibit G

Dispute Resolution and Settlement Negotiation Conference Correspondence Pages 1-4. In addition to this, a Formal Complaint was filed with the DOJ. Hereto: Exhibit H. Under 42 U.S.C. § 1283 of this title. A person with a disability is not required to engage in "Futile Gesture"

10. The U.S. Department of Justice. ADA/Title III. Regulations. Civil Rights Division./Disability Rights Section 36.211 (a) Maintenance of Accessible Features: A public accommodation shall maintain in operable Working condition those features of facility and equipment that are required to be "Readily Accessible" to and usable by persons with disabilities and with the Act or this part.

11. Plaintiff has patronized the public accommodations numerous times in over the years seek "goods and services" including 2017 and 2018 and have receipts of purchases. Additionally, the plaintiff has three Actual Visits to the Public Accommodations and has been deterred from patronizing Burling Coat Factory Store # 750 due to the knowledge of the ADA violations. Plaintiff consents to an "Early Evaluation and Settlement Conference" through (ADRP) Alternate Dispute Resolution Program.

12. In encountering and dealing with the lack of accessible features of the facility, discriminatory practices and violation of Civil Rights, the plaintiff experienced difficulty and discomfort. These violations denied the plaintiff Full and Equal Access of the Services, Privileges, Advantages, and Accommodations offered by the defendants.

13. Additionally, on information and belief, the plaintiff alleges that the failure to remove the **"Readily Achievable Architectural Barriers"** was intentional because:1.) These particular barriers are intuitive and obvious:2.) The defendants excercised control and dominion over the agregious conditions at this location and, therefore the lack of accessible and ADA Non-Compliant features of the facility is not an "accident" because had the Defendants intended any other configuration, they had actual knowledge, means And ability to make the change.

**I. FIRST CAUSE OF ACTION:VOLATION OF THE AMERICANS WITH DISABILITES ACT OF 1990**

On behalf of plaintiff and against all defendants (42 U.S.C. Section 12101, et seq.)

14. Plaintiff repleads and incorporates by reference, as if fully set Forth again herein, the allegations contained I all prior paragraphs of this Complaint.

15. Under the ADA, 42 U.S.C. § 12182 (a); 28 C.F.R. 36.201 (a) Clearly State that no individual shall be discriminated against on the basis of Disability in full and equal enjoyment of the goods, services, facilities, privileges, advantages or accommodations of any place of public accommodations by any person who owns leases (or lease to) or operates a place of public accommodation. Discrimination is defined, inter alia as follows: a.) A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the construction alteration would be financially burdensome or would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, appendix "D" b.) A failure to make alteration in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use Mobility Aids and Devices or to ensure that, to the maximum extent feasible, The path of travel to the altered are and the bathrooms, telephones, and drinking fountains serving the altered are, readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183 (a)(2).

16. First, ADAAG; Signage 4.30,4.1.2(5),CBC;1129B. The is no 80 inch free standing pole with (ISD) International Symbol of Accessibility with "Van Accessible" and "Minimum of $250.00 Dollar fine Signage. These are violations of ADA. Moving forward to the Interior of the building in the Men's Restroom,

17. Second,ADAAG;Doors:4.13.9, 4.13.10*, 4.13.11. Doors with Door Closers must not exceed 5lbs. of pressure in either direction. Here, the Men's Restroom, the Door Opening Force takes twice the amount of pressure to to operate, it is difficult for the plaintiff to operate own his own, this is a violation of ADA.

18. Furthermore, ADAAG; Mirrors 4.19.6, Pipes,4.24.6 Mirrors must not exceed 40"inches from the Ground Floor Surface. Also, Pipes must be insulated as to avoid contact from heat and abrasiveness. Here, the Mirrors the the Mirrors exceeding the maximum amount of 40 inches allowed by ADA and Pipes not insulated to avoid contact are more violations of the ADA.

19. ADAAG:4.26 Urinal Grab Bars. Urinal Stalls must contain Grab Bars. Here, the lack of Urinal Grab Bars for disabled individual requiring Grab Bars for balancing is another violation of ADA.

//

//

//

//

//

//

//

//

//

//

**II. SECOND CAUSE OF ACTION:VIOLATION OF THE UNRUH CIVIL RIGHTS ACT.**

(On behalf of plaintiff and against all defendants)( Cal Civil § 51-53.)

20.) Plaintiff repleads and incorporates by reference, as fully set forth Again herein, the allegations contained in all prior paragraphs of this Complaint.

21.) Because the defendants violated the plaintiff's rights under the ADA, they also violated the Unruh Civil Rights Act and are liable for damages. (Civil Code §§ 51 (f), 52(a).)

22.) Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort and embarrassment for the plaintiff, the defendants are also each responsible for statutory damages, i.e., a civil penalty for each offense. (Civil Code § 55.56 (a)-(c).)

**III. THIRD CAUSE OF ACTION: VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT**

(On behalf of plaintiff and against all defendants)(Cal Civil Code § 54-54.8)

23.) Plantiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

24.) Because the defendants violated the plaintiff's rights under ADA, they also violated the Unruh Civil Rights Act and are liable for damages. (Civil Code § 54.1(d),54.3(a).)

25.) Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort and embarrassment for the plaintiff, the defendants are also each responsible for statutory damages,i.e.,a civil penalty for each offense. (Civil Code § 55.56(a)-(c).)

**IV. FOURTH CAUSE OF ACTION: NEGLIGENCE.** (On behalf of plaintiff against all defendants)

26.) Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

27.) The Defendants had a general duty and a duty arising under the American's With Disabilities Act and the Unruh Civil Act and California Disabled Persons Act to provide safe, convenient, and accessible facilities to the plaintiff and others similar to. Their breach of this duty, as alleged in the preceding paragraphs, has caused injury and damage as alleged above.

**PRAYER:**

Wherefore, Plaintiff prays that this court award damages and provide Relief as follows:

1.) For injunctive relief, compelling defendants to comply with The American's With Disabilities Act and the Unruh Civil Rights Act and Note: The Plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2.) According to proof, Plaintiff seeks damages under the Unruh Civil Rights Act Civil Code § 51.et seq,(f),52.(a)(b)(1)(2). which provides Actual and exemplary damages by a sitting court without a jury, and/or (Treble damages), for each offense. Also, Plaintiff seeks Attorney fees for which The American's With Disabilities Act provides for. Note: Plaintiff cannot recover under both acts, simultaneously, and an election will be made prior to or at trial.

3.) Reasonable attorney's fees, litigation expenses and cost of suit, General and/or Special damages the Court and Federal Judge deems proper pursuant to 42 U.S.C. § 12205: California Civil Code §§ 52 and 54.3 and California Civil Code Procedure. § 12021.5

Dated: April 9, 2018 Leonard Tobia, PhD. Advocate for Disabled/Handicapped

/s/ Leonard Tobia

By: 04/09/2018

Leonard Tobia, **Pro Se**

# EXHIBIT: A

REMOVE FROM MIRROR BEFORE DRIVING VEHICLE

CALIFORNIA

"WARNING: The illegal use of a disabled parking placard could result in a maximum fine of $4,200."

PARKING PLACARD

DISABLED PERSON

EXPIRES JUNE 30

2019

644465 L

PURCHASE OF FUEL (Business & Professions Code 13660) State law requires service stations to refuel a disabled person's vehicle at self-service rates, except at service facilities with only one employee on duty.

Edit View Help

100INQv2.4.0.225: Main — **Assessor Inquiry** — Mar 08, 2018 3:40:17 PM (-08:00)

800-655-796-000 Feeparcel: 041-130-006-000 Status: ACTIVE Owner: BURLINGTON COAT FACTORY OF TEXAS

EXHIBIT: B

| Field | Value | Field | Value |
|---|---|---|---|
| Situs Address | 1264 E GIBSON RD WOODLAND | | |
| Name Address | BURLINGTON COAT FACTORY OF TEXAS INC<br>DBA BURLINGTON COAT FACTORY<br>1830 ROUTE 130 N<br>BURLINGTON NJ 08016-3020 | | |
| Status | ACTIVE | Status Date | 03/09/2009 |
| Taxability Code | 001 | Descr | BUSINESS OWNERSHIP |
| TRA | 003-000 | Base Date | |
| Creating Doc# | 2009I | Create Date | 03/09/2009 |
| Current Doc# | 2009I | Cur Date | 03/09/2009 |
| minating Doc# | | Term Date | |
| iborhood Code | | Supl Cnt | 0 |
| smt Description | EQUIP | | |
| LandUse 1 | | | |
| LandUse 2 | | | |
| Zoning 1 | | Dwell 1 | 0 |
| Acres | 0.00 | SqFt | 0 |
| Comments | FOLDER 274027 | | |

**Values**

| Field | Value | Field | Value |
|---|---|---|---|
| Land | | PP | |
| Structure | | PP | 459,140 |
| FixtureRP | | Exemption | |
| Growing | | Net | 472,930 |
| Total L&I | | Homesite | |
| Fixtures | 13,790 | R/C # | |
| TR/Date | | | |
| Status | | | |
| Description | ENROLLED | | |

☐ TPZ ☐ Ag Pres ☐ Etal ☐ Bonds

☐ Multi Situs ☐ 910 MH ☐ Flag 1 ☐ Flag 2

☐ Asmt PP ☐ Tax PP ☐ Appeal ☐ Split

Ownership Detail | Ownership History | Mfg Homes | Attributes | Situs | Parcel Desc

120/133 TC Inq. Images

cords found. MJV, 06/08/2017 4:02:17 PM

# EXHIBIT: B

COUNTY OF YOLO
PASS
Burlington Coat Factory
1280 E Gibson RD Woodland
11/2/17
T. Xiong





EXHIBIT: B

EXHIBIT:C

EXHIBIT: C

EXHIBIT: C

EXHIBIT: D





EXHIBIT: E



EXHIBIT: E

EXHIBIT: F

THE AMERICANS WITH DISABILITES ACT OF (1990). TITLE III. PUBLIC ACCOMMODATIONS

THE UNRUH CIVIL RIGHTS ACT OF (1959).

Dispute Resolution and Settlement Negotiation Conference Correspondence

EXHIBIT:G

Date: Nov 20, 2017
From: Leonard Tobia, PhD. Advocate: ADA Accessibility Access for the Disabled/Handicapped.
E-mail:Leonardtobia1@gmail.com
P.O. Box # 2467
Address: 832 Walnut St.
City: West Sacramento, Ca.
Zip Code: 95691

To: Mrs. Janet Dhillon. General Counsel, Burlington Coat Factory, Law Department./Dispute Resolution
Address: 1830 Rte, 130 N.
City: Burlington, NJ.
Zip Code: 08016.

Re: Achieving a resolution and settlement outside of litigation

Dear: Land Lord/Business Operator. Attn: Burlington Coat Factory Representative, this correspondence is regarding Public Safety and Health, The Americans with Disabilities Act of 1990 Title III. Public Accommodations, the California Unruh Civil Rights Act and Achieving a Resolution and Settlement outside of Litigation.

Please be informed, the property located at 1280 E. Gibson Rd, Woodland, Ca. Zip Code 95776. Dba: Burlington Coat Factory Store # 750 is not in compliance with the Americans with Disabilities Act Title III. Public Accommodations. I am California resident and individual as defined in Sections 12926 and 12926.1 of the Government Code and 42 U.S.C. [§12101 et seq.] with Legal Standing. My Mobility is assisted by a Walking Cane and other Mobility Aids and Devices. Furthermore, I have limited range of motions Seeing, Hearing, Walking, Standing, Balancing, Pulling, Reaching, Tight pinching, Grasping and twisting of the wrist. I have been diagnosed with Osteoarthritis, Inflamation, Gout, Anxiety and Depression. Also, I am under the care of a doctor and he has prescribed medications for my medical conditions.

On or about 11/17/2017 I personally encountered numerous "Readily Achievable" Architectural Barriers and Discriminatory Practices on the Exterior/Interior of the premises that denied me full use of the facilities and unequal access. This caused me to experience physical and emotional Pain, difficulty, discomfort and embarrassment. NOTE: Management was informed of the incident.

The following list of Architectural Barriers will consist of The Americans With Disabilities Act Accessible Guidelines and Title 24 California Building Code of Federal Regulations in the parking lot and Interior of Men's Restroom 1.) ADAAG: 4.6, 4.30, 4.1.1.2(5) Disable Parking Stall. 2.) ADAAG: 4.13.9, 4.13.10*, 4.13.11 Door Closers 3.) ADAAG: 4.19.6,Mirrors. 4.) 4.24.6 Pipes. 5.) ADAAG:4.26 Urinal Grab Bars

I am requesting Barrier Removal and seeking Monetary Compensation for Damages under the California Unruh Civil Rights Act, Civil Code: 52 (a).
We can engage in Settlement Negotiation Conference and achieve a resolution and settlement of this legal matter in an amicable fashion and expedient manner through a General Release, with the stipulation that consideration of "Remedial Corrective Actions" on the premise be performed within a reasonable time frame for "Public Safety and Health" precautions.

I have taken pictures of the ADA violations for exhibits to support my legal actions. You may review them for consideration of achieving a resolution and settlement of this legal matter outside of litigation.

I intend to return to public accommodation for goods and services, however, I will re-encounter the Architectural Barriers and Discriminatory Practices that will cause me further difficulty, discomfort and embarrassment. Please bring the facility into State and Federal Access Compliance within (30)days, in the interim, please provide me with a California CASp Inspection Report, Copy of your Lease Agreement and Claim Form to submit to your Premises Liability Insurance Carrier.

It is a violation of federal law under section 42 U.S.C. [§12182(a)] by persons who: Owns, Lease or lease to; or Operates to deny individual with disabilities "Full and equal access and enjoyment of the Goods, Services, Facilities, Privileges, Advantages or Accommodations in a place of "Public Accommodations."

Under the Americans with Disabilities Act of 1990 Title III. Public Accommodations, a disable plaintiff is entitled to attorney fees, cost and preliminary and permanent injunctive relief.

Under the Unruh, a Plaintiff is entitled to recover Actual Damages (Treble), an amount up to three times the actual damages for each violation of the Unruh Act, "but in no case less than $4,000..."for each and every offense (Cal.Civ Code§52(a); Munson v. Del Taco, Inc. (2009) 46 Cal.4th 661, 667.) In order to maintain an action for these statutory minimum damages, "an individual must... [establish] that he or she was denied full and equal access on a particular occasion." (Donald) v. Royale Inc. (1990) 218 Cal. App.3d 168, 183.) The ADA also incorporates the California Unruh Civil Rights Act making this a violation of State and Federal law in all kinds of business establishments whatsoever.

A public accommodation shall maintain in operable working condition those facilities and equipment that are required to be accessible and usable by persons with disabilities.

CALIFORNIA'S EQUAL RESTROOM ACCESS ACT. Assembly Bill No. 1732 (AB 1732) Effective March 1, 2017 SUMMARY: Requires, places of public accommodations or state or local government agencies that offer a Single-users toilet facility to be designated as an all gender toilet facility as specified, and authorizes a local health officer to inspect for compliance.
EXISTING LAW:
1.) Requires publicly and privately owned facilities where the public congregates to be equipped with sufficient temporary or permanent restrooms to meet the needs of the public at peak hours (Health and Safety Code (HSC) Section:1185505 Ca.), and Title 24 California Building Code of Federal Regulations.
2.) Requires every public agency that conducts an establishment serving the public or open to the public the public and that maintains there in restroom facilities for the public, shall make every water closet for each sex maintained with those facilities available without cost or charge to patrons,guest,or invitees or the establishment and defines "Public Agency" to mean onlthesand any agency of the state and a city, a county, and a city and county. (HSC Section:1185505. Page 2.)

There are no preconditions that a person with a disability or his/her attorney must meet in order to file a Civil Rights Action for an access violation, this includes disabled individuals private attorney, the City Attorney, the District Attorney and the Attorney Generals. In discrimination cases, the attorney general may intervene and impose injunctive relief and civil fines and penalties of $25,000.00 in a court of law. There is no "Right-to-Cure" period. Should a Civil Action for ADA Accessibility Access Discrimination be filed in federal court, a CASp Inspection Report or CASp Certification will not bind the court decision and affect the court ultimate authority to make fact and finding of law. There is no viable defense. An action for that penalty brought pursuant to Section 51.7 shall be commenced within three years of the alleged practice.

The U.S. Department of Justice in Washington D.C. Attorney Generals Office. Civil Rights Division/ Disability Rights Section Investigation and Enforcement Unit encourages Alternative Means of Resolution such as Minitrials, Conference Negotiation and Settlements. Civil fine and penalties of $55,000.00-$110,000.00 Dollars maybe imposed and Regulatory Compliance Reviews maybe perform to vindicate the general public in the interest of "Public Safety and Health" and where a "Pattern of Practice" has occurred. Please visit www.Ada.gov and www.Justice.gov U.S. Department of Justice for a list of Settlements. Formal ADA Complaints can be filed with the DOJ electronically, Fax: (202) 307-1197, Mail: U.S. Department of Justice 950 Pennsylvania Avenue, NW Civil Rights Division. Disability Rights Section-1425 NYAV, Washington D.C. 20530.

Business operators have an ongoing and continuing obligation to ADA Compliance. Government funding maybe temporary interrupted or terminated.

Please refer to the U.S. District Court, Eastern District of California 1.) (PS) Tobia v. Burlington Coat Factory Florin, Inc, et al Case No. 2:16-CV-01073-MCE-JKN. 2.) (PS) Tobia v. Ralphs Grocery Company Inc, et al Case No. 2:16-CV-02295-TLN-AC. 3.) (PS) Tobia v. Pep Boys Manny Moe & Jack of California, et al Case No. 2:16-CV-02468-TLN-KJN. 4.) Tobia v. H& R Foods Inc. Case No. 02467-MCE.

Californian CASp Inspectors are back logged. Furthermore, Federal Judges are and overwhelmed with case loads. One ADA Access Case can cost $10,000.00-$100.000.00 to defend, the average case settles for ($45,000.00). Litigation is necessary, however, litigation is not on my list of priorities. Public Safety and Health, promoting ADA Access for the Disabled/Handicapped and achieving a resolution and settlement are my main objectives. Barrier Removal and Monetary Compensation are an essential part of achieving resolution . I am quite sure that Governor Jerry Brown, of the great state of California, the Attorney Generals in Washington D.C., Judges and U.S. Marshalls in Federal Court are in agreement.

Please be informed, A Plaintiff is entitled to $4,000.00 for each time he/she visits an establishment that contains architectural barriers that deny the Plaintiff of full and equal access on the premises.

(Hubbard v. Twin Oaks Health Rehabilitation Center. (2004) 408 F.Supp.2d 923,932). In Hubbard the Plainfiff, a disabled individual, proved that on each of 15 visits to a nursing home to visit her mother, she experienced difficulty due to the steepness of the ramps leading into the facility. Id. She also was unable to use the soap and paper towel dispensers in the restrooms. Id. The Plaintiff was awarded a $60,000.00 dollar judgment, $4,000.00 per each of her 15 visits. Id.

In 1992, the Unruh Act was amended to provide that "[a] violation of the right of any individual under the Americans with Disabilities Act of 1990... Shall also constitute a violation of this section." The Ninth Circuit has sense held that violating the ADA is per se violation of the Unruh Act. (Lentini v. Cal ctr. For Arts 370 F. 3d 837, 847 (9th Cir.Cal 2004): Munson v. Del Taco, Inc. (2009) 46 Cal. 4th 661, 672).

Note: Whoever denies the right provided by Section 51.7, or aids, incites, or conspires in that denial, is liable for each and every offense for actual damages suffered by any person denied that right.

(1.) An amount to be determined by a jury, or sitting court without a jury, for exemplary damages.

(2.) A civil penalty of twenty-five thousand dollars ($25,000) to be awarded to the person denied the right provided by Section 51.7

(3.) Attorney fees as may be determined by the court.

Please be informed, A disable plaintiff is not required to engage in "Futile Gesture," however, should a resolution and settlement not be achieved outside of litigation, I may be compelled to move forward legally and seek Actual and Exemplary Damages, Injunctive Relief, Court Cost, Attorney fees, and Demand for Jury Trial.

The average ADA Access Case should reach a resolution and settlement for $15,000.00 dollars, otherwise, it will cost three times the amount which is $45,000.00 dollars for a dismissal in federal court. Please be informed, the DOJ does encourages Minitrails, this case can be proven in a court of law.

(1998). California Civil Code:§1668. "All contracts which have objective, directly or indirectly to exempt anyone from responsibility for his willful injury to the person or property of another, or violation of law, whether willful or negligent, are against the policy of the law."

In the interest of all parties involved, I believe that we should resolve our legal disputes among ourselves and outside of litigation, I would like to take this opportunity thank you for allowing me to bring this legal matter to your attention. Please respond promptly within (7) days upon receipt of this correspondence. I sincerely appreciate your time, efforts and cooperation in this legal matter. Kind regards, Leonard Tobia, PhD. Advocate for ADA Accessibility Access Discrimination for Disabled/Handicapped.

Cc:DOJ.

U.S. Department of Justice

Civil Rights Division

EXHIBIT: H

Disability Rights Section - NYA
950 Pennsylvania Avenue N.W.
Washington, DC 20530

Leonard Tobia
832 Walnut St
West Sacramento, CA 95691

MAR 29 2018

Re: Pepboys Automotive of California LLC, Burlington Coat Factory of California LLC

Dear Mr. Tobia:

This is in response to the complaint that you filed with this office alleging a possible violation of the Americans with Disabilities Act (ADA). After carefully reviewing the information that you provided, we have decided not to take any further action on your complaint. Unfortunately, because the Section receives thousands of ADA complaints each year, we do not have the resources to resolve all of them.

It is important to note that the Justice Department has made no determination regarding the merits of your complaint or whether it could be redressed under the ADA or another statute. Moreover, our decision not to take further action does not affect your right to pursue your complaint in another manner. You may wish to contact an attorney or legal service provider to determine what remedies may be available.

In addition, a number of other options are available to you, including consulting state or local authorities or disability rights groups. Enclosed is a list of such organizations serving your area. These listings come from various sources, and our office cannot guarantee that the listings are current and accurate. We suggest that if you contact any of these organizations, you let them know that you have received this letter from us, so that they will not forward your complaint to our office.

The text of the ADA, the Department's regulations, and many technical assistance publications are provided on our ADA Home Page at http://www.ada.gov. If you have specific questions about Title II or III of the ADA, or want copies of technical assistance publications sent to you, you may call the ADA Information Line at 800-514-0301 (voice) or 800-514-0383 (TTY).

We regret that we are unable to further assist you in this matter.

Sincerely,

Carmen Romero

Carmen Romero
Director of Intake Unit
Disability Rights Section

Enclosures
626510 626519

# EXHIBIT: J

Nov 15, 2017

**Burlington**

[illegible] East Gibson Road, Woodland, CA
Store Mgr. [illegible] (530) [illegible]
www.Burlingtonstores.com

11/15/17
Trans.: [illegible] Store: [illegible]
[illegible]

SALE

0 0 7 5 0 0 0 2 5 5 5 4 2 [illegible]

[illegible]

| | |
|---|---|
| Subtotal | [illegible] |
| Total Sales Tax | [illegible] |
| Total | [illegible] |
| Cash | [illegible] |
| Total Tender | [illegible] |
| Return by 01/02/18 | |
| Change Due | [illegible] |

Customer Copy



EXHIBIT: K

Dec 23, 2017

Burlington

www.Burlingtonstores.com

SALE

Trans.: 36995

| | | |
|---|---|---|
| FANTA STRAWBERRY:20 | $1.19 | T |
| 1 @ $1.19 | | |
| BOTTLE DEPOSIT 5-NO | $0.05 | N |
| 1 @ $0.05 | | |
| Subtotal | $1.24 | |
| Total Sales Tax | $0.09 | |
| Total | $1.33 | |
| Cash | $2.00 | |
| Total Tender | $2.00 | |
| Return by 01/22/18 | | |
| Change Due | $-0.67 | |

Customer Copy

12/23/17

Trans.: 36995

Items sold: 2

SHOP WITH CONFIDENCE

