UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD TOBIA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BURLINGTON COAT FACTORY OF TEXAS INC. et al.,<br><br>　　　　Defendants. | No. 2:18-cv-00868-CKD<br><br><br>ORDER |

Presently pending before the court is defendants' motion to dismiss.[1] (ECF No. 12.) Plaintiff filed an opposition and defendants replied. (ECF Nos. 20, 23.) On August 16, 2018, the court took this matter under submission. (ECF No. 22.) Upon review of the documents in support and opposition and the applicable law, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

I.　BACKGROUND

Plaintiff Leonard Tobia, proceeding without counsel, initiated this action on April 10, 2018 against Burlington Coat Factory of Texas Inc. ("Burlington") and Thomas A. Kingsbury ("Kingsbury"). (ECF No. 1.) Plaintiff asserts that he is a California resident with physical

---

[1] The parties have consented to the jurisdiction of the undersigned. (See ECF Nos. 7, 8, 15.)

1

disabilities that require him to use "Walking and other Mobility-Aids and Devices." (Id. at 1.)

Plaintiff has provided the court with a note from his physician indicating that he "has been diagnosed with chronic neck and back/joint pain. . . . [and] has limitations regarding pushing, pulling, lifting and upper extremity use." (ECF No. 20 at 3.) There is no indication that plaintiff is confined to a wheelchair or unable to walk. Indeed, defendants have provided what they allege is a photo of plaintiff walking with the use of a cane, which plaintiff does not dispute. (See ECF No. 12-1 at 10.)

Plaintiff's complaint centers around the conditions of a store owned by Burlington in Woodland, California ("Store #750"). (ECF No. 1 at 2.) Allegedly, Store #750 "is not ADA Compliant and not accessible to persons with disabilities utilizing Mobility Aids and Devices." (Id. at 3.) Specifically, the complaint alleges

> the Disabled Parking Stall has no 80" pole with (ISD) Signage, International Symbol of Accessibility Sign, Van Accessible Sign and [$]250.00 Minimum Sign mounted below. Furthermore, the stripping is faded. . . . The Men's Restroom has a Door Closer on the Interior which takes about 10 lbs. of pressure to open. . . . In the Men's Restroom the sink pipes are exposed and the Mirror exceeds 40 inches from the ground floor surface. . . . The Urinal Stall has no Grab Bars.

(Id.) As a result, the complaint brings claims under the Americans with Disabilities Act ("ADA"); the California Unruh Civil Rights Act; the California Disabled Persons Act; and common law negligence. (Id. at 5–8.)

On May 24, 2018, defendants filed the pending motion to dismiss. (ECF No. 12.) On May 31, 2018, this matter was reassigned to the undersigned for all purposes based upon the parties' consent. (ECF No. 15.) Subsequently, plaintiff opposed defendants' motion to dismiss, and indicated that he did not request oral argument. (ECF No. 20 at 1.) As a result, the court took the matter under submission on the papers without oral argument, pursuant to Local Rule 230(g). (ECF No. 22.) Thereafter, defendants replied. (ECF No. 23.)

Along with the motion to dismiss, defendants provided several declarations and exhibits regarding the current conditions at Store #750. (See ECF No. 12.) Mark Kocis, store facilities manager at Store #750, declares that Burlington "does not, nor has it ever, owned, leased,

2

maintained or controlled the parking lot areas for the subject property, as those parking lot areas are and always have been owned, maintained and controlled by the landlord as common areas." (Declaration of Mark Kocis, ECF No. 12-8 ["Kocis Decl."] ¶ 3.) This declaration is supported by a copy of Burlington's lease for Store #750. (See Id., Exh. A.) Plaintiff does not dispute the nature of Burlington's lease, nor the assertion that Burlington lacks control over the parking lot.

Robert C. Holmes, a service technician, declares that he tested the pressure needed to open the door to the men's restroom at Store #750 on April 23, 2018, and discovered that it "only requires 4.5 pounds of pressure to open." (Declaration of Robert C. Holmes, ECF No. 12-4 ["Holmes Decl."] ¶ 3.) This declaration is supported by a photo of the pressure gauge during the test. (See Id., Exh. A.) Plaintiff does not dispute that this is an accurate description of the current condition of the door to the subject restroom.

Debi Mefford, store manager at Store #750, declares that she inspected the subject restroom on May 21, 2018. (Declaration of Debi Mefford, ECF No. 12-6 ["Mefford Decl."] ¶ 2.] According to Ms. Mefford, "[t]he undersink pipes . . . are fully insulated and there are no exposed areas" and "[t]he mirror . . . is mounted above a sink and the lowest portion of the reflective surface is less than 40 inches above the finished floor." (Id. ¶¶ 3–4.) These assertions are supported by photographs of the subject restroom. (See Id., Exhs. A, B.) Plaintiff does not dispute that this is an accurate description of the current condition of the subject restroom.

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to raise the defense, by motion, that the court lacks jurisdiction over the subject matter of an entire action or of specific claims alleged in the action. Such a motion may be on factual information provided beyond the pleadings. "Unlike a Rule 12(b)(6) motion, a Rule 12(b)(1) motion can attack the substance of a complaint's jurisdictional allegations despite their formal sufficiency, and in so doing rely on affidavits or any other evidence properly before the court." St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989).

Additionally, a federal court has an independent duty to assess whether federal subject matter jurisdiction exists, whether or not the parties raise the issue. See United Investors Life Ins.

Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district court had a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not"). The court must *sua sponte* dismiss the case if, at any time, it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

III. DISCUSSION

Defendants move to dismiss plaintiff's complaint for a lack of subject matter jurisdiction, pursuant to Rule 12(b)(1).[2] (ECF No. 12.) According to defendants, plaintiff lacks standing to bring his ADA claims, which deprives this court of subject matter jurisdiction. (See ECF No. 12-1 at 17–23.) Plaintiff disputes this, but fails to address any of defendants' specific legal arguments. (See ECF No. 20 at 2–4.) For the reasons below, defendants' motion to dismiss is GRANTED without leave to amend.

A. Subject Matter Jurisdiction

A federal district court generally has original jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a).

Here, plaintiff invokes federal question jurisdiction because he brings claims under the ADA. (See ECF No. 1 at 5–8.) As to plaintiff's state law claims, he does not invoke diversity jurisdiction because both plaintiff and defendant Burlington are citizens of California and the amount in controversy does not exceed $75,000. (See Id.)

Under either federal question or diversity jurisdiction, however, a federal court lacks subject matter jurisdiction if a plaintiff lacks standing to bring his claims. See Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986) ("Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto"); Steel Co. v. Citizens for a Better Env't, 523 U.S.

---

[2] Defendants also argue that plaintiff has failed to state any claim against defendant Kingsbury pursuant to Rule 12(b)(6). (See ECF No. 12-1 at 14–17.) However, because the court otherwise lacks subject matter jurisdiction over plaintiff's complaint, the court need not address this issue.

83, 102 (1998) ("Standing to sue is part of the common understanding of what it takes to make a justiciable case"); Mendoza v. Zirkle Fruit Co., 301 F.3d 1163, 1172 (9th Cir. 2002) (to "invok[e] federal jurisdiction, the [plaintiffs] must establish 'the irreducible constitutional minimum of standing'").

The Supreme Court has held "that the irreducible constitutional minimum of standing contains three elements." Lujan v. Defs. of Wildlife, 504 U.S. 555, 560, (1992)

> First, the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

Lujan, 504 U.S. at 560–61 (internal citations, quotation marks, ellipses, and brackets omitted). The party bringing suit has the burden to establish all three elements of standing. (Id.)

Under the ADA, injunctive relief is the only remedy available to a private litigant. See 42 U.S.C. § 12188(a)(1); Wander v. Kaus, 304 F.3d 856, 858 (9th Cir. 2002). Where, as here, a plaintiff seeks injunctive relief, but there is no present and viable injury, that plaintiff lacks standing because there is nothing to redress. See City of Los Angeles v. Lyons, 461 U.S. 95, 101–02 (1983).

Defendants persuasively assert that plaintiff's ADA claims fail on the third element of standing because plaintiff has not established that there is an injury that will be redressed by a favorable decision because plaintiff's ADA claims "are either not viable or moot." (ECF No. 12-1 at 18.) Plaintiff replies that he is disabled and not required to engage in a futile gesture, but he does not dispute defendants' representations of the current conditions at Store #750, nor does he cogently dispute defendants' legal arguments. (See generally, ECF No. 20.)

1. **Disabled parking stalls**

The Ninth Circuit Court of Appeals has held that the ADA does not "impose[] upon tenants liability for ADA violations that occur in those areas exclusively under the control of the landlord." Kohler v. Bed Bath & Beyond of California, LLC, 780 F.3d 1260, 1266 (9th Cir.

2015). Here, defendants have demonstrated, and plaintiff does not dispute, that the parking lot at the subject store was and is under the exclusive control of the landlord, not defendants. (See Kocis Decl. ¶ 3, Exh. A.) Accordingly, plaintiff cannot obtain a remedy under the ADA against defendants in relation to any violations that may exist in the parking lot.

### 2. **Pressure required to open restroom door**

According to the ADA Guidelines, an interior hinged door may require a maximum opening force of 5 pounds. See 36 C.F.R. § 1991, Appendix D, § 404.2.9. Here, defendants have demonstrated, and plaintiff does not dispute, that the restroom door in question is an interior hinged door that currently requires an opening force of 4.5 pounds, well within the ADA Guidelines. (See Holmes Decl. ¶ 3, Eh. A.) As such, plaintiff's claim regarding the pressure required to open this door is moot, and he cannot obtain a remedy under the ADA for this claim.

### 3. **Grab bars**

Plaintiff claims that he encountered a urinal stall without any grab bars at Store #750. (See ECF No. 1 at 3.) However, under the ADA Guidelines, urinal stalls are not required to have grab bars. See 36 C.R.F § 1191, Appendix D §§ 604.5, 605–605.4. Thus, plaintiff does not have a viable claim for a lack of grab bars in the urinal stall, and he cannot obtain a remedy under the ADA for such a claim.

### 4. **Undersink insulation and mirror height**

A plaintiff has standing to assert barriers under the ADA that affect the plaintiff's full and equal enjoyment of the facility on account of his particular disability. Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 947 (9th Cir. 2011). Here, it is undisputed that plaintiff does not require a wheelchair for mobility, and is able to walk with the use of other mobility aids, such as a cane. (See ECF Nos. 1 at 1; 12-1 at 10; 20 at 3.)

Both undersink pipe insulation and mirror height in a restroom are conditions that relate to wheelchair users, and do not affect the full and equal enjoyment of the facility by an individual who walks with a cane, such as plaintiff. See O'Campo v. Chico Crossroads, LP, No. V S-10-1100 KJM-CMK, 2012 WL 787594, at *2 (E.D. Cal. Mar. 9, 2012) affirmed on appeal, 610 Fed.Appx. 706 (2015); Mundy v. Pro-Thro Enterprises, 192 Cal. App. 4th Supp. 1, 5 (2011). As

a result, plaintiff lacks standing to assert claims related to undersink pipe insulation and mirror height in a restroom. See Chapman, 631 F.3d at 947.

Even assuming that plaintiff could bring such claims, defendants have demonstrated, and plaintiff does not dispute, that the undersink pipes in the subject restroom are fully insulated with no exposed areas and the mirror is mounted above a sink with the lowest portion of the reflective surface less than 40 inches above the finished floor. (See Mefford Decl. ¶¶ 3–4, Exhs. A, B.) These conditions comply with the ADA Guidelines. See 36 C.F.R. § 1191, Appendix D, §§ 603.3 ("[m]irrors located above . . . countertops shall be installed with the bottom edge of the reflecting surface 40 inches . . . maximum above the finish[ed] floor"), 606.5 ("pipes under . . . sinks shall be insulated or otherwise configured to protect against contact"). Accordingly, plaintiff's claims regarding the undersink pipes and mirror height are moot, and he cannot obtain a remedy under the ADA for these claims.

Therefore, this court does not have subject matter jurisdiction over plaintiff's ADA claims because plaintiff has failed to establish that he has standing and, as a result, these claims are subject to dismissal.

      B.      State Law Claims

As noted above, plaintiff's complaint also brings state law claims under the California Unruh Civil Rights Act, the California Disabled Persons Act, and common law negligence. The court expresses no opinion regarding the merits of plaintiff's state law claims. Instead, the undersigned declines to exercise supplemental jurisdiction over the state law claims since plaintiff has failed to establish any federal claims. See 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if the district court has dismissed all claims over which it has original jurisdiction"); see also Acri v. Varian Associates, Inc., 114 F.3d 999, 1000–01 (9th Cir. 1997) ("'in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims'"), quoting Carnegie-Mellon University v. Cohill, 484 U.S. 343, 350 n.7 (1988).

////

C.  Leave to Amend

The court must construe a *pro se* pleading liberally to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them if it appears at all possible that the plaintiff can correct the defect.  See Lopez v. Smith, 203 F.3d 1122, 1130–31 (9th Cir. 2000) (en banc).  Here, plaintiff's claims are dismissed for a lack of subject matter jurisdiction and not for failure to state a claim.  Moreover, there is no indication that plaintiff could cure this jurisdictional defect by pleading additional consistent facts.  Plaintiff's only federal claims are brought under the ADA, and plaintiff lacks standing for those claims.  Therefore, leave to amend would be futile.

IV.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to dismiss (ECF No. 12) is GRANTED.
2. Plaintiff's claims under the Americans with Disabilities Act are DISMISSED with prejudice.
3. Plaintiff's remaining state law claims are DISMISSED without prejudice.
4. The Clerk of Court shall close the case.

Dated:  October 16, 2018

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

14/ps.18-868.tobia.order MTD